# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENNETH DANIELS, individually and as personal
representative for the Estates of BARBARA
JARAMILLO and MARGRET JONES, and JOHN
DANIELS and CARLISA DANIELS,

        Plaintiffs,

  -vs-                                                                                             No. CIV 04-1324 LH/ACT

ISMAEL PACHECO and JOSE RAMIREZ-
LOPEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Entry of Default Judgment (Docket No. 5), filed February 24, 2005. The Court, having considered the Motion and the applicable law and otherwise being fully advised, finds that Plaintiffs' Motion is **well taken in part**: default judgment will be entered on the issue of liability, but must be denied, without prejudice, on the issues of damages and costs.

Plaintiffs filed their Complaint for Damages for Negligence and Negligence Per Se Resulting in Wrongful Death ("Complaint") on November 23, 2004. Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction is based on diversity of citizenship, with Plaintiffs averred to be residents of New Mexico (Compl. ¶ 19), Defendants Ramirez-Lopez and Pacheco alleged to be respectively residents

of Mexico and Colorado (Compl. at ¶¶ 20, 21), and the damages sought "in excess of $75,000" (*id.* ¶ 22).

Plaintiffs move the Court for entry of default judgment against Defendant Ramirez-Lopez and seek an award of costs and "other relief as may be deemed just and meet." (Mot. Entry Default J. at 2.) As evidenced by the Return of Service (Docket No. 4) and Precipe as to Default Judgment (Docket No. 8), Defendant Ramirez-Lopez was served on November 30, 2004. As of March 25, 2005, the date of the Clerk's Entry of Default (Docket No. 9), Mr. Ramirez-Lopez had not answered, defended, or otherwise appeared in this case. This remains true as of the date of this Memorandum Opinion and Order. Plaintiffs also have filed their attorney's Affidavit Under the Soldiers and Sailors Relief Act as Amended (Docket No. 6), attesting that Defendant Ramirez-Lopez is not a member of the military service of the United States. Accordingly, Plaintiffs are entitled to default judgment on the issue of liability, pursuant to FED. R. CIV. P. 55(b)(2).

"[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). As damages remain to be determined in this matter, Plaintiffs' Motion must be denied in part pending a hearing on this issue. *See* FED. R. CIV. P. 55(b)(2) ("If, in order to enable the court to enter judgment . . . , it is necessary . . . to determine the amount of damages . . ., the court may conduct such hearings or order such references as it deems necessary and proper . . . .") Furthermore, to the extent Plaintiffs seek an award of costs, under the Local Civil Rules such a request must be made by separate motion. D.N.M.LR-Civ. 54.1 ("A motion to tax costs must be filed and served on each party within thirty (30) calendar days of entry of judgment.")

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (Docket No. 5), filed February 24, 2005, is **GRANTED IN PART** and **DEFAULT JUDGMENT** is entered against **Defendant Jose Ramirez-Lopez** on the issue of **liability**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (Docket No. 5), filed February 24, 2005, is **DENIED IN PART without prejudice** regarding **damages** and that the Court will set a hearing at a future date to determine such damages.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (Docket No. 5), filed February 24, 2005, is **DENIED IN PART without prejudice** regarding **costs**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**